# SEND

## -O-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTH SUM, | Case No. CV 06-1214-OP |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION; ORDER |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation filed on October 11, 2006.[2]

///

///

---

[1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action.  (See Dkt. Nos. 8, 9.)

[2]  As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("JS"), filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue which Plaintiff raises as the grounds for reversal and/or remand is whether the ALJ properly considered Dr. Shah's treating opinion.

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

## DISCUSSION

### The ALJ Did Not Err in Discounting the Opinions of Plaintiff's Treating Physician.

Plaintiff contends the ALJ erred in rejecting the opinion of Dr. Shah, a treating psychiatrist, and improperly relied on the opinion of Dr. Colonna, a one-

1  time examining clinical psychologist. (JS at 9-12.[3])

2      On August 2, 2004, Plaintiff had presented to Dr. Shah with complaints of

3  withdrawal, concentration problems, sleeping problems, and feelings of sadness or

4  depression. (AR at 174.) Dr. Shah's initial mental status examination concluded

5  that Plaintiff was poorly groomed, exhibited pressured speech, impaired receptive

6  and expressive language abilities, tangential thought process with a poverty of

7  content, depression, anxiety, blunted affect, fair to poor insight, and sleep and

8  appetite disturbances. (AR at 175.) Dr. Shah diagnosed major depressive disorder:

9  recurrent, and moderate; and depressive disorder NOS (not otherwise specified).

10  Plaintiff returned to Dr. Shah on a monthly basis for approximately eight months

11  and was prescribed medication. The monthly progress notes each indicate "M/E

12  Done" which this Court assumes to indicate a mental examination was done at the

13  visit. However, there is no evidence that Dr. Shah engaged in any clinical

14  psychiatric or psychological testing or relied on anything other than Plaintiff's self-

15  reporting of symptoms.

16      In a mental assessment dated March 14, 2005, Dr. Shah found Plaintiff

17  "moderately limited" in all areas of mental functioning.[4]  Moderately limited is

18

19

20      [3] Because the pages of the Joint Stipulation were not numbered, for ease of
21  reference the Court inserted page numbers, beginning with page one as the first
    page after the caption page.

22      [4] The areas considered include the ability to: remember locations and work-
23  like procedures; understand and remember short and simple instructions, or
24  detailed instructions; carry out short and simple instructions, or detailed
    instructions; maintain attention and concentration for extended periods; perform
25  activities within a schedule, maintain regular attendance and punctuality; sustain an
26  ordinary routine without special intervention; work in coordination within a
    proximity to others without being distracted by them; make simple work-related
27  decisions; complete a normal workday and work week without interruptions from
28  psychologically based symptoms and an unreasonable number and length of rest

3

1    defined as "impairment which affects but does not preclude ability to function."

2    (AR at 157-160.)

3          The ALJ rejected Dr. Shah's March 2005 opinion, stating:

4                    I reject Dr. Shah's most generous assessment of

5          March 2005 as being absurd and unrealistic.  Dr. Shah

6          issues the same assessment over and over for his many

7          patients, generally without support and reason.  In this case

8          he has treated the claimant for approximately eight months

9          (August 2004 through March 2005).  I find that his

10         assessment is based upon little more than subjective

11         complaints and the claimant's credibility is unreliable.

12   (AR at 15.)

13         As noted, the ALJ also found the Plaintiff's testimony unreliable:

14                   I cannot rely on the claimant's testimony as

15         establishing greater limitations than those set forth above

16         because his statements are not consistent with the objective

17         findings or the record as a whole.  At the hearing, he

18         initially denied any work in the United States, but later

19         admitted to working in a restaurant on the Queen Mary for

20         less than a year, where he prepared foods, chopped

21         vegetables and cooked hamburgers.  Psychological testing

22         was invalid due to his poor effort (Exhibit 3F).  He claimed

23

24   periods; interact appropriately with general public; ask simple questions; accept
     instructions and respond to criticism from supervisors appropriately; get along with
25   coworkers without distracting them or exhibiting behavioral extremes; maintain
     socially appropriate behavior and adhere to basic standards of neatness; respond
26   appropriately to changes in work setting; be aware of normal hazards; travel in
     unfamiliar places; and set realistic goals or make plans independently.  (AR at 157-
27   59.)

28

                                              4

> to have seizures, but supplied no medicals documenting
> this. He also alleged problems with his right arm, but again
> there is no supporting medicals documenting this problem.
> He initially reported no alcohol use for three years (Exhibit
> F, pg. 125), but later at the hearing he denied the use of
> alcohol for approximately 7-8 years. His daily activities are
> also inconsistent with his allegations. At the hearing, he
> admitted he had a valid drivers' license. He stated that he
> lived with his wife and seven children along with two
> grandchildren and portrayed himself as being practically
> non-functional; stating that all he did was watch television
> and lay around all day. He also reported that he enjoyed
> looking at Cambodian artwork (Exhibit 3F, pg. 3). I find
> the claimant's inconsistencies negatively impact his
> credibility and do not permit reliance on his statements.

(AR at 16.) Plaintiff is not contesting the ALJ's finding that his allegations
regarding his limitations were not totally credible.

In contrast, the ALJ gave "significant weight" to the conclusions of the
consultative examiner, Rosa Colonna, "because she examined the claimant and her
conclusions are consistent with the objective findings and the evidence of record."
(AR at 15.) According to the ALJ:

> Dr. Rosa Colonna, performed a psychological
> evaluation of the claimant on September 30, 2003, at the
> request of the California Disability Determination Service
> (DDS). She noted that the claimant arrived promptly for
> the evaluation and was driven by his daughter. She further
> noted that the claimant showed very little effort on testing
> which made testing results invalid. Dr. Colonna diagnosed

5

1      . . . malingering, mood disorder, not otherwise specified . .

2      . .  She concluded that the claimant could understand,

3      remember and carryout simple instructions and he could

4      make  simple  work-related  decisions  without  special

5      supervision.  She further concluded that he could interact

6      with supervisors, co-workers and peers without difficulty.

7   (AR at 15 (citation omitted).)

8        It is well-established in the Ninth Circuit that a treating physician's opinions

9   are entitled to special weight, because a treating physician is employed to cure and

10  has a greater opportunity to know and observe the patient as an individual.

11  McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989).  "The treating

12  physician's opinion is not, however, necessarily conclusive as to either a physical

13  condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,

14  751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on

15  whether it is supported by sufficient medical data and is consistent with other

16  evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's

17  opinion is uncontroverted by another doctor, it may be rejected only for "clear and

18  convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v.

19  Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion

20  is controverted, it may be rejected only if the ALJ makes findings setting forth

21  specific and legitimate reasons that are based on the substantial evidence of record.

22  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at

23  751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

24       However, the Ninth Circuit also has held that "[t]he ALJ need not accept the

25  opinion of any physician, including a treating physician, if that opinion is brief,

26  conclusory, and inadequately supported by clinical findings."  Thomas, 278 F.3d at

27  957; see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).  A treating

28  or examining physician's opinion based on the plaintiff's own complaints may be

6

1   disregarded if the plaintiff's complaints have been properly discounted.  Morgan v.

2   Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir.1999); see also

3   Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53

4   F.3d 1035, 1043 (9th Cir. 1995).  And, "[w]here the opinion of the claimant's

5   treating physician is contradicted, and the opinion of a nontreating source is based

6   on independent clinical findings that differ from those of the treating physician, the

7   opinion of the nontreating source may itself be substantial evidence; it is then

8   solely the province of the ALJ to resolve the conflict."  Andrews, 53 F.3d at 1041;

9   Magallanes,881 F.2d 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

10          Here, Plaintiff is not contesting the ALJ's discounting of Plaintiff's

11   credibility.  Moreover, since the opinions controverting Dr. Shah's mental

12   assessment were based on Dr. Colonna's own independent clinical findings, they

13   also qualify as substantial evidence upon which the ALJ could properly rely.

14   Where the evidence is susceptible to more than one rational interpretation, the

15   ALJ's finding must be upheld.  Andrews, 53 F.3d at 1039-40.

16          Accordingly, the Court finds that, although the ALJ digressed when he

17   editorialized on Dr. Shah's alleged proclivity to issue the same assessment for all

18   of his patients, the other reasons given for rejecting Dr. Shah's assessments and

19   finding Plaintiff not disabled were specific, legitimate, and based on substantial

20   evidence.

21          Based on the foregoing, the Court finds that the ALJ did not err in rejecting

22   Dr. Shah's opinions in favor of the conflicting assessment of Dr. Colonna.

23   / / /

24   / / /

25   / / /

26                                    **IV.**

27                                  **ORDER**

28          IT THEREFORE IS ORDERED THAT Judgment be entered affirming the

                                        7

1    decision of the Commissioner and dismissing this action with prejudice.

2

3

4    DATED:  July 3, 2007

5                                        _____
                                         HONORABLE OSWALD PARADA
                                         United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8